BENJAMIN B. WAGNER
United States Attorney
JEFFREY A. SPIVAK
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                         Plaintiff,<br><br>             v.<br><br>APPROXIMATELY $44,000.00 IN U.S. CURRENCY,<br><br>                         Defendant. | CASE NO.  1:14-CV-01985-AWI-SKO<br><br>**FINAL JUDGMENT OF FORFEITURE** |

Pursuant to the Stipulation for Final Judgment of Forfeiture filed herewith, the Court finds:

1. This is a civil forfeiture action against Approximately $44,000.00 in U.S. Currency (hereafter "Defendant Currency").

2. A Verified Complaint for Forfeiture *In Rem* was filed on December 12, 2014, alleging that said Defendant Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

3. On December 15, 2014, the Clerk issued a Warrant for Arrest for the Defendant Currency.  The warrant for the Defendant Currency was duly executed on December 18, 2014.

4. Beginning on December 18, 2014, for at least 30 consecutive days, the United States published notice of this action on the official government forfeiture site www.forfeiture.gov.  A

Final Judgment of Forfeiture                                   1

Declaration of Publication was filed on February 23, 2015.

5. In addition to public notice on the official internet government forfeiture site www.forfeiture.gov, actual notice or attempted notice was given to the following individuals:

    a. Fabian Martinez

    b. Kirk McAllister, Attorney at Law

    c. Joanna Cardenas

7. To date, no parties have filed claims or answers in this matter, and the time in which any person or entity may file a claim and answer has expired.

8. On March 2, 2015, the United States sought and obtained a Clerk's Entry of Default against Joanna Cardenas. Pursuant to Local Rule 540, the United States and Potential Claimant Fabian Martinez thus join in a request that as part of the Final Judgment of Forfeiture in this case the Court enter a Default Judgment against the interests, if any, of Joanna Cardenas.

9. Potential Claimant represents and warrants that he is the sole owner of the Defendant Currency and that no other person or entity has any legitimate claim of interest therein.

10. No other parties have filed claims or answers in this matter, and the time for which any person or entity may file a claim and answer has expired.

Based on the above findings, and the files and records of the Court, it is hereby

ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

2. That judgment is hereby entered against Potential Claimant Fabian Martinez, Joanna Cardenas and all other potential claimants who have not filed claims in this action.

3. Upon entry of a Final Judgment of Forfeiture $40,000.00 in U.S. Currency of the Defendant Currency, together with any interest that may have accrued on the full amount of the Defendant Currency, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

Final Judgment of Forfeiture    2

     4. Upon entry of a Final Judgment of Forfeiture herein, but not later than 90 days after the Court issues the Final Judgment of Forfeiture or 90 days after Potential Claimant has provided the necessary electronic funds transfer paperwork—whichever is later, $4,000.00 of the Defendant Currency, shall be returned to Potential Claimant via his counsel of record, Mr. Kirk McAllister at 1012 11th Street, Modesto, CA 95354.

     5. Plaintiff United States of America and its servants, agents, and employees, and all other Public entities, their servants, agents, and employees, are released from any and all liability, arising out of or in any way connected with the seizure, arrest, or forfeiture of the Defendant Currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure, arrest, or forfeiture, as well as to those now known or disclosed.  The parties waived the provisions of California Civil Code § 1542.

     6. That pursuant to the stipulation of the parties, and the allegations set forth in the Complaint filed on or about December 12, 2014, the Court finds that there was reasonable cause for the seizure and arrest of the Defendant Currency, and for the commencement and prosecution of this forfeiture action, and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

     7. Pursuant to the Stipulation for Final Judgment of Forfeiture entered into between the parties, no party "substantially prevailed" within the meaning of 28 U.S.C. § 2465.  All parties shall bear their own costs and attorney's fees.

///
///
///
///
///
///
///
///

Final Judgment of Forfeiture       3

8.  The Court shall maintain jurisdiction to enforce the terms of this Final Judgment of Forfeiture.

IT IS SO ORDERED.

Dated:   April 3, 2015                    _____
                                          SENIOR DISTRICT JUDGE

## CERTIFICATE OF REASONABLE CAUSE

Based upon the allegations set forth in the Complaint for Forfeiture *In Rem* filed December 12, 2014, and the Stipulation for Final Judgment of Forfeiture filed herewith, this Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure or arrest of the Defendant Currency, and for the commencement and prosecution of this forfeiture.

IT IS SO ORDERED.

Dated:   April 3, 2015                    _____
                                          SENIOR DISTRICT JUDGE